

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| JAMES OSCAR DOUGLAS, JR.<br>    Petitioner,<br><br>vs.<br><br>WARDEN DUNLAP,<br>Walden Correctional Institution,<br>    Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 8:13-1293-MGL-JDA<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S HABEAS PETITION

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Respondent's motion for summary judgment and deny Petitioner's habeas petition. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 29, 2014, and the Clerk of Court entered Petitioner's objections on August 12, 2014. The Court has carefully considered the objections and finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner sets forth two grounds in his § 2254 petition to this Court. In his first ground, Petitioner claims "[a] *Brady* violation." Petition 6. In support, Petitioner avows that

> [Petitioner] was found guilty during [his] trial January 7-8, 2003. [Petitioner's] co-defendant was found not guilty during his jury trial April 21-22, 2004. Officer Larry Thompson was subpoenaed during [Petitioner's] co-defendant[']s trial to testify of the exculpatory evidence taken from the victim on the crime scene September 1, 2001. Officer Larry Thompson's testimony caused Detective Berley McDaniels to testify to the truth during [Petitioner's] co-defendant[']s trial that he knew of the exculpatory evidence taken from the victim on the crime scene. Detective Berley McDaniels testified against [Petitioner] in 2003, but he did not disclose the withheld evidence.

*Id*. Liberally construing the Petition, as required by *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and other binding precedent, the Magistrate Judge considered this claim to be the same claim that Petitioner raised in his petition for certiorari to the South Carolina Supreme Court:

> Whether the PCR court erred in using an after discovered evidence test on *Brady* violations at [P]etitioner's trial where two policemen failed to disclose that witnesses at the scene identified the suspects of a home invasion as being from Edgemoor in Chester County when [P]etitioner was from Rock Hill in York County?

Had the Magistrate Judge not construed Petitioner's first ground for relief to be the same as the one that Petitioner raised with the South Carolina Supreme Court, the claim would have been procedurally barred. *See Matthews v. Evatt*, 105 F.3d 907, 911 (1997) ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court.") (overruled on other grounds). Having found the claim not to be procedurally barred, the Magistrate Judge considered the merits of Petitioner's first claim.

2

In the Magistrate Judge's discussion, she found ground one of the habeas petition to be without merit, reasoning that "the PCR court did not apply the after discovered evidence test to the allegation regarding a *Brady* violation." Report 18. As the Magistrate Judge aptly observed, "the PCR court's order of dismissal reveals that the PCR court did not rule on the *Brady* violation issue. . . . Thus, the PCR court did not apply the after discovered evidence test to Petitioner's claim regarding a *Brady* violation; therefore, Petitioner is not entitled to habeas corpus relief on this ground." *Id*. The Court agrees.

In Petitioner's second ground for § 2254 relief, he claims: "Ineffective assistance of counsel for failure to investigate and subpoena a material witness, Officer Larry Thompson, to testify on [Petitioner's] behalf." Petition 7. According to Petitioner,

> [he] was found guilty in 2003. [Petitioner's] co-defendant was found not guilty in 2004 due to his lawyer conducting as thorough investigation. [Petitioner's co-defendant's lawyer] spoke with one of the 1st officers who arrived on the crime scene [on] September 1, 2001, Larry Thompson, and he found out that the victim had called out other people[']s names to have committed this crime. [Petitioner's co-defendant[']s lawyer subpoenaed Officer Larry Thompson to testify to the truth of the crime scene, and [his] co-defendant was found not guilty during his trial [on] April 21-22, 2004. [Petitioner's] lawyer did not conduct a thorough investigation, and he did not subpoena Officer Thompson.

*Id*. at 7-8. In cases in which a habeas petitioner's claim has been "adjudicated on the merits" by a state court, a federal court may not grant relief unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, the PCR court had previously considered the merits of this claim. Thus, the Court is constrained by the mandates of 28 U.S.C. § 2254(d)(1).

3

In considering this issue, the Magistrate Judge concluded that "the PCR's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. . . . Therefore, Petitioner is not entitled to habeas corpus relief on this ground, and Respondent's motion for summary judgment should be granted with respect to this ground. Report 21-22. The Court concurs.

In his objections to the Report, Petitioner generally makes the same arguments to the Court that he did to the Magistrate Judge. Because the Court agrees with the Magistrate Judge's consideration of these arguments in the Report, it need not repeat the discussion here. Therefore, those objections are overruled.

In one section of Petitioner's submission, however, he objects not to the Report but to statutory law. On page seven of his objections, Petitioner "object[s] to th[e] statement" in the Report that "State court factual determinations are presumed to be correct, and the [P]etitioner has the burden of rebutting this presumption by clear and convincing evidence. Objections 7 (citing Report 9 and 28 U.S.C. § 2254(e)(1)). But, this is binding law. Therefore, inasmuch as the Court possesses no authority to overturn this statute on the sole basis that Petitioner objects to it, this objection is overruled as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of

appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.